AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

1) SAMSUNG GALAXY S25 CELLULAR TELEPHONE WITH S/N R5CY833AJ3N
2) SAMSUNG CELLULAR TELEHONE WITH S/N RFCT60RKSHF
3) HP LAPTOP COMPUTER WITH S/N 5CD1416M32
4) WD ELEMENTS HARD DRIVE WITH PARTIAL P/N WDBUZG0010
5) WD MY PASSPORT ULTRA HARD DRIVE WITH DESTROYED IDENTIFICATION STICKER
6) PLAYSTATION 5 WITH S/N M43701K1W10291789, CURRENTLY LOCATED AT A SECURE FBI FACILITY IN SARATOGA COUNTY, NEW YORK

Case No. 1:26-sw-312 (DJS)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Access with Intent to View and Possession of Child Pornography |

The application is based on these facts:
See attached affidavit (incorporated by reference).

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Nehill Danbury, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Video Conference *(specify reliable electronic means)*.

Date: 11/25/26

*Judge's signature*

City and state: Albany, New York

Hon. Daniel J. Stewart, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| IN THE MATTER OF THE SEARCH OF: | Case No. 1:26-sw-312 (DJS) |
|---|---|
| 1) SAMSUNG GALAXY S25 CELLULAR TELEPHONE WITH S/N R5CY833AJ3N<br>2) SAMSUNG CELLULAR TELEHONE WITH S/N RFCT60RKSHF<br>3) HP LAPTOP COMPUTER WITH S/N 5CD1416M32<br>4) WD ELEMENTS HARD DRIVE WITH PARTIAL P/N WDBUZG0010<br>5) WD MY PASSPORT ULTRA HARD DRIVE WITH DESTROYED IDENTIFICATION STICKER<br>6) PLAYSTATION 5 WITH S/N M43701K1W10291789, CURRENTLY LOCATED AT A SECURE FBI FACILITY IN SARATOGA COUNTY, NEW YORK | |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Nehill Danbury, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application upartial P41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—(1) Samsung Galaxy S25 with S/N R5CY833AJ3N, (2) Samsung Cellphone with S/N RFCT60RKSHF, (3) HP

Laptop with S/N 5CD1416M32, (4) WD Elements HD with partial P/N WDBUZG0010, (5) WD My Passport Hard Drive with destroyed identification sticker, and (6) PlayStation 5 with S/N M43701K1W10291789 ("SUBJECT DEVICES") that are currently located at a secure FBI facility in Saratoga County, New York, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer with the Federal Bureau of Investigation ("FBI") and have been so since January 2026. My duties include the enforcement of federal criminal statutes prohibiting the sexual exploitation of children, including Title 18, United States Code, Sections 2251 through 2259, the Sexual Exploitation of Children Act ("SECA"); and Title 18, United States Code, Sections 2421 *et seq.*, the Mann Act. I have participated in cases involving child pornography, the sexual exploitation of children, and human trafficking. I have participated in numerous investigations involving the sexual exploitation of children and the distribution, receipt, and possession of child pornography. In connection with those investigations and related prosecutions, I have conducted searches of premises and gathered evidence, including electronic evidence, pursuant to search warrants. I have received training regarding the investigation of child exploitation offenses and have gained expertise in these types of investigations through training in classes and seminars, and through my daily work related to conducting these types of investigations and assisting in the prosecutions of these offenses. I have been involved in numerous child pornography investigations and am familiar with the tactics used by individuals who collect and distribute child pornographic material. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs and videos depicting children (less than eighteen years of age) being sexually exploited by adults. I have also participated in the execution of multiple search warrants relating

to child pornography offenses, including search warrants for electronic devices, and have effectively used the results of the searches in connection with the prosecution of offenders.

3. The facts in this affidavit come from my training and experience, information known to me and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4. Based on my training, experience, and the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2252A(a)(5)(B) (access with intent to view and possession of child pornography) ("TARGET OFFENSES"), have been committed by JOEDEN FOSTER ("FOSTER") and there is probable cause to search the SUBJECT DEVICES as described below and in Attachment A for fruits and evidence of these crimes, as specifically described in Attachment B.

5. The applied-for warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

6. On March 3, 2026, FOSTER was convicted of Strangulation in the Second Degree, under New York Penal Law Section 121.12, a Class D violent felony, in Rensselaer County in the State of New York. FOSTER was sentenced to 6 months in jail to be followed by 5 years of probation.

7. That same day, FOSTER signed terms of supervised release by the Rensselaer County Probation Office acknowledging the "ORDER AND CONDITIONS OF ADULT PROBATION," including the following terms (*See* Exhibit 1):

- Report to a probation officer as directed by the court or the Probation Officer and allow the Probation Officer to visit you at your place of residence or elsewhere.
- Submit to a warrantless search of your person, property, residence and/or vehicle under your control by a Probation Officer or a Probation officer and his/her agent.

8. On or about September 24, 2026, Rensselaer County Probation conducted a routine home visit at FOSTER's residence, 576 Columbia Turnpike, Room 121, East Greenbush, NY 12061. (*See* Exhibit 3).

9. Law enforcement conducted an electronic search of the Samsung Galaxy S25, the PlayStation 5 with attached WD element hard drive, and HP laptop. A search of the PlayStation 5 revealed a video titled "14-year-old and pole dancing." The Samsung Galaxy S5 revealed Telegram chats containing a video of three children, approximately 6-8 years old, engaged in sexually explicit conduct, specifically one of the children appeared to lay down on their back and which point another child began to perform oral sex on that child. Then, a third child came into the frame appearing to begin to have physical contact with that child as well, specifically in their groin area. A search of the HP laptop revealed that FOSTER was using the laptop to access pornographic material. After observing the above-referenced child sexual abuse material (CSAM), probation seized all the SUBJECT DEVICES.

10. On September 25, 2026, FBI interviewed FOSTER at Rensselaer County Probation Office. During the interview, FOSTER stated there were child pornography videos and images saved on his cellphone that he received from a Telegram group and X searches. He also admitted to distributing that material to other people.

11. FOSTER signed FBI consent to search paperwork for SUBJECT DEVICES. (See Exhibit 2). Following the interview with FOSTER, FBI took custody of SUBJECT DEVICES

from Rensselaer County Probation Office then retained them at a secure FBI facility in Saratoga County.

12. The SUBJECT DEVICES are currently in the lawful possession of the FBI. They came into the FBI's possession in the following way: seized as part of the above-referenced Probation search and signed consent of FOSTER. Therefore, while the FBI might already have all necessary authority to examine the SUBJECT DEVICES, I seek this additional warrant out of an abundance of caution to be certain that an examination of the SUBJECT DEVICES will comply with the Fourth Amendment and other applicable laws

**CHARACTERISTICS OF CHILD PORNOGRAPHY COLLECTORS**

13. I respectfully submit that the information set forth in this affidavit establishes probable cause to believe that an individual using the SUBJECT DEVICES has committed the TARGET OFFENSES. Based on training, experience, and numerous interviews of subjects who admitted to having a sexual interest in children, I am aware that the following characteristics are common to individuals involved in child pornography offenses:

a. Individuals who possess child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity, sexually suggestive poses, or from literature describing such activity.

b. Individuals who receive and/or possess child pornography may collect sexually explicit or sexually suggestive material depicting children, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. These individuals often maintain this material for sexual arousal and gratification.

Furthermore, they may use this material to lower the inhibitions of children they are attempting to seduce, to arouse a child partner, or to demonstrate the desired sexual acts.

c. Individuals who receive and/or possess child pornography often possess and maintain copies of child pornographic material, including but not limited to pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, and tape recordings, in the privacy and security of their home. Prior investigations into these offenses have shown that child pornography offenders typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Individuals who receive and/or possess child pornography often begin their child pornography collections by obtaining child abuse material through various free avenues afforded by the Internet, like P2P file sharing. Thereafter, these individuals may escalate their activities by producing and/or distributing child pornography, for the purpose of trading this material to add to their own child pornography collection.

e. Individuals who receive and/or possess child pornography often maintain their digital or electronic collections in a safe, secure and private environment, such as a cellular phone, computer, or surrounding area. These collections are often maintained for several years and are maintained at the individual's residence or place of employment, to afford immediate access to view the material. These collections are often maintained for

several years and are kept close by, usually at the individual's residence or sometimes vehicle, to enable the collector to view the collection, which is highly valued.

f. Individuals who receive and/or possess child pornography may correspond with others to share information and material and rarely destroy this correspondence. These individuals often maintain lists of names, email addresses and telephone numbers of others with whom they have been in contact regarding their shared interests in child pornography.

**TECHNICAL TERMS**

14. Based on my training and experience, I use the following technical terms to convey the following meaning:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communication, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing

and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, and research, I know that the SUBJECT DEVICES have capabilities to allow it to serve as a wireless telephone, digital camera, portable media player, and GPS navigation device. In my training and experience, examining data stored on a device of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

**ELECTRONIC STORAGE AND FORENSIS ANALYSIS**

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. There is probable cause to believe that things that were once stored on the SUBJECT DEVICES may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because

when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICES were used, the purpose of its use, who used it, and when. There is probable

cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

21. This search warrant will be executed by your affiant and other FBI Special Agents, however, law enforcement officers from other agencies may be utilized by the FBI in the execution

of this search warrant, to include the forensic examination of the SUBJECT DEVICES, which may analyzed at either an FBI or other law enforcement agency computer forensic laboratory.

## CONCLUSION

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICES listed in Attachment A to seek the items described in Attachment B.

Nehill Danbury
Task Force Officer
Federal Bureau of Investigation

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by Microsoft Teams on November 25, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge

# EXHIBIT 1

RECEIVED

MAR 05 2026

RENSSELAER COUNTY PROBATION DEPARTMENT

# ORDER AND CONDITIONS OF ADULT PROBATION

Rensselaer County Court of the State of New York
Part __________ County Rensselaer Index/Docket No./Year IND-70023-26

Defendant Joeden I Foster having been (convicted of) Strangulation 2nd ______ is this day ORDERED sentenced to Probation for a period of 5 years to expire on 3/4/31 unless terminated by the Court prior to the aforementioned date. While on Probation, said defendant is ORDERED to comply with the following conditions and any others that the Court may impose at a later date and to follow the instructions of the Probation Officer as to the way in which these conditions are to be carried out:

## GENERAL CONDITIONS:

1. Report to a Probation Officer as directed by the Court or the Probation Officer and allow the Probation Officer to visit you at your place of residence or elsewhere.
2. Remain within the jurisdiction of the Court unless granted permission to leave by the Court or your Probation Officer. (Travel is permitted throughout Rensselaer, Albany, Saratoga, Schenectady, Columbia and Washington Counties)
3. Answer all reasonable questions by the Probation Officer and notify the Probation Officer prior to any change in address or employment.

## STANDARD CONDITIONS:

4. Maintain a residence as approved by your Probation Officer, not to change your residence without prior permission of your Probation Officer and not be away from residence overnight without your Probation Officer's permission.
5. Waive extradition to the State of New York from any jurisdiction in or outside the United States where you may be found and also agree that you will not contest any effort by any jurisdiction to return to the State of New York.
6. Maintain fulltime verifiable employment as approved by your Probation Officer and you shall give no cause for dismissal. Should it be deemed appropriate by your Probation Officer, you shall attend the Probation Department's Workforce Development Program until successful completion of said program.
7. Attend school or pursue a course of study or vocational training that leads to suitable employment as approved by your Probation Officer.
8. Not change your employment or school without prior approval of your Probation Officer.
9. Refrain from violating any Federal, State or local laws. You shall notify the Probation Officer within one business day of any contact, questioning or arrest by a police agency.
10. Refrain from associating with any person known to have a criminal record or adjudication unless approved by your Probation Officer. You shall not associate with anyone deemed inappropriate by your Probation Officer. You shall not frequent places deemed inappropriate by your Probation Officer.
11. Submit to a warrantless search of your person, property, residence and/or vehicle under your control by a Probation Officer or a Probation Officer and his/her agent.
12. Abide by a curfew as directed by your Probation Officer and shall be at your residence at the hours established in your curfew.

## ALCOHOL/SUBSTANCE ABUSE CONDITIONS:

1. Refrain from the purchase, possession, or use of alcohol and submit to tests to determine the use.
2. Refrain from the purchase, possession, or use of marijuana or marijuana-based products unless prescribed by a physician specifically for your use. You shall submit to recognized tests to determine the use of marijuana.
3. Refrain from the possession or use of illegal drugs or controlled substances to include synthetic marijuana unless prescribed by a physician. You shall submit to recognized tests to determine their use.

4. Cooperate with an alcohol abuse/substance abuse evaluation and cooperate with resulting treatment/aftercare recommendations including but not limited to outpatient, inpatient, residential programming and prescribed medication. You will sign a release of information authorizing the exchange of information between the treatment agency, the Probation Officer and the Court.
5. Cooperate with treatment as arranged by TASC of the Capital District, Inc.
6. Refrain from entering or frequenting establishments whose primary purpose is the sale of alcoholic beverages. Refrain from patronizing the bar section of any restaurant.

DOMESTIC VIOLENCE CONDITIONS:

1. When given authorization to visit another jurisdiction, you will present the travel permit given to you by your Probation Officer to the local police department, have it signed, and return it to your Probation Officer.
2. You shall refrain from intimidating or harassing the victim(s) and shall not do so through a third person. This prohibited conduct shall also include disparaging the victim on social media or disseminating information regarding the victim(s) or any photograph of the victim(s) with the intent to harass, annoy or alarm the victim. This conduct shall be prohibited regardless of whether the photograph disseminated has been provided to you by the victim(s).
3. Abide by the terms and conditions of all active Orders of Protection issued by any Court. You will provide the Probation Officer with a copy of any existing Orders of Protection in effect at the time of sentencing.
4. You shall refrain from accessing the victim's cell phone, email, mail, or social media accounts; impersonating anyone through social media or otherwise; installing "Spyware", GPS or any product that accomplishes the same result, on any vehicle, computer, phone, or electronic device.
5. Do not install any application that makes it possible to disguise your telephone number, voice, or identity without the permission of your Probation Officer. If you have an application on your phone or electronic device that allows you to make phone calls or text from the application you must notify your Probation Officer of the phone number attached to that application. If asked you must provide your password or passcode for any electronic device you own or possess, including gaming systems.
6. Notify the Probation Officer within one business day of receipt of any new or modified Orders of Protection and provide a copy of any such Order within five business days.
7. Not possess or apply for a hunting license or a pistol permit.
8. You are not to reside in any location in which someone owns or possesses any firearm, legally or otherwise, unless given permission by the Probation Department or the Court.
9. If given permission to reside with someone who owns or possesses a legal firearm, you must notify the person that you are prohibited from owning or possessing a firearm, and that if they own or possess any firearm, that they are to take immediate measures to safeguard same in accordance with Penal Law Section 265.45. You will immediately notify your probation officer when you have complied with this provision and your probation officer may contact those parties directly to confirm same.
10. Probationer agrees to unannounced examination by the supervising Probation Officer or designees of any and all computer, electronic device or phone to which he/she has access. This includes access to all data and/or images stored any other electronic storage device whether installed within an electronic device or removable. The examination may take place where the computer is located or it may be removed and done in a timely manner by the Probation Department. In the event illegal or prohibited material is located, the probationer further agrees to a forensic examination. If asked you must provide your password or passcode for any electronic device you own or possess.
11. Your Probation Officer may discuss your offense with any person he or she feels is appropriate in the interest of your rehabilitation or the protection of the public.
12. You must notify your Probation Officer within 48 hours of any proceeding commenced in any Family or Supreme Court which relates to any victim(s), in which you have been served with a petition/notice, or have otherwise appeared. If you are the party filing the petition in a Family or Supreme Court, you must notify your Probation Officer within 24 hours of filing the petition.

13. Notify your Probation Officer when you establish any significant relationship and fully inform your potential partner of your Domestic Violence criminal history. You must not cohabit with any person with who you are having an intimate relationship unless granted permission by your Probation Officer.
14. Fully comply with all Family Court Orders regarding contact, visitation, and child support.
15. Have no contact with the victim and/or victim's family.
16. Participate in and successfully complete a domestic violence/batterers' intervention/men's accountability program as directed by your Probation Officer. You will sign a release of information authorization, permitting the Court and Probation Department access to compliance reports. You are responsible to bear the cost of such program.
17. Submit and cooperate with polygraph examinations as determined necessary by the Probation Department and/or treatment provider. Polygraph examinations will be conducted by a provider deemed appropriate by the Probation Department and/or treatment provider. Probationer will be responsible for the cost of exam.

SEX OFFENDER CONDITIONS:

1. Cooperate fully with a sex offender evaluation, follow all treatment recommendations, and successfully complete recommended counseling as directed by the Court or by your Probation Officer. You will sign a release of information authorization, permitting the exchange of information between the Court and the Probation Department.
2. When given authorization to visit another jurisdiction, present the travel permit given to you by your Probation Officer to the local police department, have it signed, and return it to your Probation Officer.
3. Not engage in sexual contact or activity with anyone less than 17 years of age or anyone legally incapable of consent.
4. Not have any contact with convicted sex offenders unless in counseling group.
5. Not have children's toys, books or videos (unless approved by Probation).
6. Notify your Probation Officer when you establish any significant relationship and notify the other party of your legal history, criminal history concerning sexual offense(s), treatment status and any STD you might have. Permit your Probation Officer to meet with your significant other to determine compliance with this condition.
7. Not date, live with, or otherwise align yourself with any woman/man with minor children without prior approval of treatment provider and/or Probation.
8. Not reside with individuals less than 17 years of age nor have contact with individuals less than 17 years of age unless approved by the Probation Department or the Court.
9. Not enter adult bookstores or purchase or possess material determined by your Probation Officer as pornographic/sexually stimulating. You shall not enter any adult entertainment establishments.
10. Comply with all reporting requirements of the Sex Offender Registration Act Section 168 of the Correction Law, which shall include giving any and all information, required pursuant to said Act.
11. Not linger, loiter, nor spend time at locations where persons under 17 years of age are likely to be present, including but not limited to: parks, playgrounds, school yards, arcades, malls, beaches and pools.
12. Not take any medications that would enhance sexual activity.
13. Probationer agrees to unannounced examination by the supervising Probation Officer or designees of any and all computer(s), phone(s) and/or other electronic devices(s) to which he/she has access. This includes access to all data and other storage media, whether installed within a device or removable. The examination may take place where the computer is located or it may be removed and conducted in a timely manner by the Probation Department and his or her agent.
14. At Probation's direction, Probationer will install or allow to be installed equipment and/or software to monitor or limit computer use, or remove any hardware device including modem, network card, and/or other device that may be used to provide access to another computer or computer(s).
15. Your employment must be approved by your therapist and/or Probation Officer. If instructed by your Probation Officer, your employer must be informed of the nature of your offense and Probation status,

and you will sign a release of information authorization for employer. Not to secure employment where persons under the age of 17 are employed without prior permission from your Probation Officer.

16. Not have direct or indirect contact with the victim(s) and/or victim(s) family. You shall not directly or indirectly cause or encourage anyone else to have such contact.
17. Submit and cooperate with polygraph examinations as determined necessary by the Probation Department and/or treatment provider. Polygraph examinations will be conducted by a provider deemed appropriate by the Probation Department and/or treatment provider. Probationer will be responsible for the cost of exam.
18. You are prohibited from using the internet to access social networking websites that permit persons under the age of 18 to be registered users, where persons under the age of 18 may (a) create web pages/profiles that provide information about themselves where such web pages/profiles are available to the public or other users, (b) engage in direct or real time communication with other users (including but not limited to: Facebook, Instagram, Snapchat, kik, Twitter and Tik Tok).
19. You are prohibited from using the internet to access pornographic material, communicate with other individuals or groups for the purpose of promoting sexual relations with anyone under the age of 18, and communicate with a person under the age of 18 (unless you are the parent of a minor child and are not otherwise prohibited from contacting such person).
20. If conviction appropriate pursuant to Penal Law 65.10 subdivision 4-b, you are prohibited from using the internet to communicate with individuals or groups for the purpose of promoting sexual relations (to include online dating websites).
21. Probationer is prohibited from installing and/or utilizing any type of program on any electronic device[s] that he/she possesses or has access to that can delete internet/browser history, temporary files, downloaded images/files, saved documents, and/or any other type of media; this includes, but is not limited to C Cleaner, Google Chrome, Firefox, digital file shredders, and disk cleaners. This includes prohibition against restoring a computer to a previous state.
22. Probationer will provide all personal/business phone and internet service provider records to Probation upon request. If password protection is required on any system or files used by you for personal or employment purposes then you will provide any and all passwords to the Probation Department.
23. Refrain from knowingly entering within 1000 feet of any school grounds, or entering into or upon the property of any other facility or institution primarily used for the care or treatment of persons under the age of eighteen while one or more of such persons under the age of eighteen are present if conviction appropriate pursuant to § 65.10, subdivision 4-a, of the Penal Law.
24. If you reside in any apartment complex, apartment building or mobile home park inform the landlord/management of your sexual offense history.
25. Do not enter a motor vehicle with any individual(s) unless the person(s) name, address and phone number is reported to the probation officer and the probation officer approves.
26. Sign all releases for information requested by the probation officer in order to determine your progress and/or needs as it relates to the above conditions.
27. The defendant shall not download, install, possess, access, or use any peer-to-peer or file-sharing software, application, platform, or service on any internet-capable device without the prior written approval of the Probation Officer. This includes, but is not limited to, services such as Dropbox, BitTorrent, LimeWire, WeTransfer, OnionShare, Syncthing, Telegram, or any similar application or technology that allows the sharing, transfer, or distribution of files outside of normal, transparent web-based use. Approval may be granted for legitimate employment, educational, medical, or court-approved purposes and may be subject to monitoring or additional conditions deemed appropriate by Probation.
28. The defendant shall not download, install, possess, access, or use any Virtual Private Network (VPN), proxy service, anonymizing software, or other technology primarily designed to conceal, mask, or alter the defendant's true IP address or internet activity on any internet-capable device, without the prior written approval of the Probation Officer. This includes, but is not limited to, services such as CyberGhost, Opera VPN, Hotspot Shield, or any similar application or technology.

SPECIAL CONDITIONS:

1. Not purchase, own or have in your possession, residence or motor vehicle any rifle, shotgun, firearm or illegal weapons as defined in section 265.00 of the Penal Law. You shall not purchase, own or possess any pocketknives, utility blades, jackknives or any other instrument construed to be a weapon by your Probation Officer. You will dispose of such property in a legal manner as deemed appropriate by your Probation Officer.
2. If directed by your Probation Officer you shall disclose to your employer, any law enforcement agencies, school authorities and/or your landlord the nature of your adjudication/conviction of Probation. You will also allow your Probation Officer to exchange information with said persons.
3. Not have direct or indirect contact with the victim(s) and/or victim's family. You shall not have any physical, visual, written or telephone contact with the victim(s) and/or victim(s) family. You shall not directly or indirectly cause or encourage anyone else to have such contact.
4. Refrain from contact with co-defendants/co-participants unless otherwise authorized by your Probation Officer.
5. Cooperate with a mental health evaluation, follow all treatment recommendations including outpatient, inpatient treatment and medication until successful completion, as directed by your Probation Officer. You will sign a release of information authorizing the exchange of information between the treatment agency, Probation Officer and the Court.
6. Comply with all Court orders regarding child support.
7. Attend and complete groups/programs as directed by your Probation Officer.
8. ~~Make restitution of $______ with a 5% surcharge of $______ which totals $______; to be paid at the rate of $______ per month, to be completed by ______, to the Rensselaer County Probation Department.~~
9. Serve a period of incarceration of 6 months as a condition of your sentence.
10. ~~Complete ______ days in the Rensselaer County Sheriff's Work Order Program by ______.~~
11. ~~Complete ______ hours of Community Service.~~
12. Submit to the appropriate DNA testing by providing a DNA sample for the Convicted Offender Index, as mandated by the Executive Law 995-c for designated offenders OR provide a DNA sample for the Subject Index as authorized by Title 9NYCRR part 6192.
13. Submit to electronic monitoring when directed to do so by your Probation Officer. These monitoring devices may govern your daily movement or measure your alcohol consumption. You must fully comply with all terms and conditions of the electronic monitoring program.
14. Refrain from engaging as a confidential informant or participating in any undercover work for any law enforcement entity without authorization from the Probation Director or his/her designee.
15. If your Probation is transferred to another state, you do hereby agree to abide by the additional rules and regulations that may be imposed by the receiving state.
16. Cooperate with the Department of Social Services (DSS)/Child Protective Services (CPS). You will also sign a release of information authorizing the exchange of information between DSS/CPS, the Probation Officer and the Court.

Dated: 3/3/26

[signature]
Debra J. Young, Judge

ACKNOWLEDGMENT

I have read and received a copy of the above Order and Conditions of Probation and agree to comply with them. I understand the conditions and that the Court may, at any time prior to the expiration or termination of the period of probation, modify or enlarge the conditions or, if I violate a condition or commit an additional offense other than a traffic infraction, revoke the sentence.

Dated: 3/3/26
Witnessed by: [signature]

Probationer: John Foster
Address: 309 Old London Rd Latham NY
Telephone: 518-762-9242

John Foster 4/1/26 [signature]

# EXHIBIT 2

**FD-941**
**09/02/2025**

# FEDERAL BUREAU OF INVESTIGATION
# CONSENT TO SEARCH ELECTRONIC DEVICE(S)

I, Jorden Foster, have been asked by Special Agents and/or Task Force Officers (TFO) of the Federal Bureau of Investigation (FBI) to permit a complete search by the FBI or its designees of any and all computers, including but not limited to cellular phones and tablets; any electronic, physical, and/or optical data storage and/or retrieval system or medium; any related electronic device peripherals; any other media or materials necessary to assist in accessing the stored electronic data described below:

Samsung Galaxy S25 FE in Black/Blue Case, Blue Samsung phone and Blue HP laptop S/N# 5CD14KA
CPU Make, Model & Serial Number (if available), Cellphones, Tablets, Storage or Retrieval Media, Computer Peripherals

and located at 61 State St Troy NY, which I own, possess, control, and/or have access to, for any evidence of a crime or other violation of the law. The required passwords, logins, and/or specific directions for electronic device entry are as follows (see table below):

| MAKE | MODEL | SERIAL NUMBER | IMEI |
|---|---|---|---|
| | | | |

| UNLOCK PASSCODE/PATTERN | | OTHER PASSCODES | |
|---|---|---|---|
| o o o o o o<br>1 2 3<br>4 5 6<br>7 8 9<br>0 | o o o<br>o o o<br>o o o | App | |
| | | Username | |
| | | Password | |
| | | App | |
| | | Username | |
| | | Password | |
| | | App | |
| | | Username | |
| | ALPHANUMERIC | Password | |
| | | ADDITIONAL DETAILS/DIRECTIONS | |
| | BACKUP PASSWORD | | |
| | | | |

I have been advised of my right to refuse to consent to this search, and I give permission for this search, freely and voluntarily, and not as the result of threats or promises of any kind.

I authorize those Agents and/or TFOs to take any evidence discovered during this search, together with the medium in/on which it is stored, and any associated data, hardware, software and electronic device peripherals.

Signature: [signature] Date: 9/25/26

Signature of Witness: TFO N [signature] Date: 9/25/26

Printed Full Name of Witness: Nehill Danbury

Location: 61 State St Troy NY

**FD-941**
**09/02/2025**

# FEDERAL BUREAU OF INVESTIGATION
# CONSENT TO SEARCH ELECTRONIC DEVICE(S)

I, *Jordan Foster*, have been asked by Special Agents and/or Task Force Officers (TFO) of the Federal Bureau of Investigation (FBI) to permit a complete search by the FBI or its designees of any and all computers, including but not limited to cellular phones and tablets; any electronic, physical, and/or optical data storage and/or retrieval system or medium; any related electronic device peripherals; any other media or materials necessary to assist in accessing the stored electronic data described below:

*PlayStation 5, WD My Passport ultra harddrive, Black harddrive*
CPU Make, Model & Serial Number (if available), Cellphones, Tablets, Storage or Retrieval Media, Computer Peripherals

and located at *61 State St Troy NY*, which I own, possess, control, and/or have access to, for any evidence of a crime or other violation of the law. The required passwords, logins, and/or specific directions for electronic device entry are as follows (see table below):

| MAKE | MODEL | SERIAL NUMBER | IMEI |
|---|---|---|---|
| | | | |

| UNLOCK PASSCODE/PATTERN | | OTHER PASSCODES | |
|---|---|---|---|
| | | App | |
| | | Username | |
| | | Password | |
| | | App | |
| | | Username | |
| | | Password | |
| | | App | |
| | | Username | |
| | ALPHANUMERIC | Password | |
| | | ADDITIONAL DETAILS/DIRECTIONS | |
| | BACKUP PASSWORD | | |
| | | | |

I have been advised of my right to refuse to consent to this search, and I give permission for this search, freely and voluntarily, and not as the result of threats or promises of any kind.

I authorize those Agents and/or TFOs to take any evidence discovered during this search, together with the medium in/on which it is stored, and any associated data, hardware, software and electronic device peripherals.

Signature: *[signature]* Date: *9/25/26*

Signature of Witness: *TFO [signature]* Date: *9/25/26*

Printed Full Name of Witness: *Nehill Danbury*

Location: *61 State St Troy NY*

# EXHIBIT 3

DEPOSITION OF A WITNESS
RENSSELAER COUNTY PROBATION DEPARTMENT
TROY, NEW YORK

STATE OF NEW YORK
COUNTY OF RENSSELAER
CITY OF TROY

NAME: SPO Danielle Burns
RESIDING AT: 61 State Street, Troy NY 12180
OCCUPATION: Senior Probation Officer- Rensselaer County
DEPOSE AND SAY:

On September 24, 2026 at approximately 6:25 PM, while working a STRIVE Detail, myself along with Senior Probation Officer Joshua Blair, and Sargent Michael Hughes from the Rensselaer City Police Department, conducted a residence check on Probationer Joeden Foster's residence, at 576 Columbia Turnpike, Room 121, East Greenbush, NY 12061. In accordance with his Probation Conditions, a search of his electronic devices was conducted. Senior Probation Officer Joshua Blair conducted a brief search of his laptop computer and found material that was sexual in nature, which is a violation of his Probation Conditions. Sargent Michael Hughes searched the PlayStation 5 and found a downloaded video that was titled to involve a 14-year-old and pole dancing. This video was not viewed. This Officer conducted a search of his phone which revealed an extensive amount of pornographic material. This Officer did a brief search of his Telegram application which revealed messages which were blurred out. This Officer selected one of these videos and discovered a video of three children engaged in a sex act. The youngest child appeared to be between the ages of 6-8 years old. At this time, we discontinued the search and confiscated all electronic devices in his possession, to include a HP laptop, a Samsung S25 FE, another Samsung phone, a hard drive and a PlayStation 5. This Officer contacted the Federal Bureau of Investigations on 9/25/26, who responded to the Probation Department.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK

DATE: 9-25-26 TIME: 11:00 AM SIGNED: [signature]
WITNESS: Raquel Heller

## ATTACHMENT A

The property to be searched is: (1) Samsung Galaxy S25 with S/N R5CY833AJ3N, (2) Samsung Cellphone with S/N RFCT60RKSHF, (3) HP Laptop with S/N 5CD1416M32, (4) WD Elements HD with partial P/N WDBUZG0010, (5) WD My Passport Hard Drive with destroyed identification sticker, and (6) PlayStation 5 with S/N M43701K1W10291789, hereinafter the "SUBJECT DEVICES." The SUBJECT DEVICES are currently located at a secure FBI facility in Saratoga County, New York.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the SUBJECT DEVICES described in Attachment A that relate to violations of Title 18, United States Code, Section 2252A(a)(5)(B) (access with intent to view and possession of child pornography) ("TARGET OFFENSES") and involve JOEDEN FOSTER, including:

a. Wireless telephone or storage media used as a means to commit the violations described above;

b. For any wireless telephone or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "wireless telephone");

c. evidence of who used, owned, or controlled the wireless telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, text messages, photographs, and correspondence;

d. evidence of software that would allow others to control the wireless telephone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

e. evidence of the lack of such malicious software;

f. evidence indicating how and when the wireless telephone was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the wireless telephone user;

g. evidence indicating the wireless telephone user's knowledge and/or intent as it relates to the crime(s) under investigation;

h. evidence of the attachment to the wireless telephone of other storage devices or similar containers for electronic evidence;

i. evidence of programs (and associated data) that are designed to eliminate data from the wireless telephone;

j. evidence of the times the wireless telephone was used;

k. passwords, encryption keys, and other access devices that may be necessary to access the wireless telephone;

l. documentation and manuals that may be necessary to access the wireless telephone or to conduct a forensic examination of the wireless telephone;

m. records of or information about Internet Protocol addresses used by the wireless telephone;

n. records of or information about the wireless telephone's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

o. Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the things described in this warrant were created, edited,

or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

p. contextual information necessary to understand the evidence described in this attachment.

q. records of Internet Protocol addresses used;

r. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

s. Any and all child pornography, and any and all visual depictions of minors, including, but not limited to, sexually explicit images of minors, as those terms are defined in Title 18, United States Code, Section 2256;

t. Any and all address books, names, and lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

u. Any and all notebooks and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

v. Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, and notes;

w. Records, information, and items relating to violations of the statutes described above including:

i. Records, information, and items relating to the occupancy or ownership of the wireless telephone;

ii. Records, information, and items relating to the ownership or use of the wireless telephone;

iii. Records and information relating to the identity or location of the person suspected of violating the statutes described above;

iv. Records and information relating to sexual interest in children, including correspondence and communications.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile/cellular phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.